NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



SUPREME COURT OF GEORGIA
Case No. S25C0749

August 26, 2025

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

BERNARD SCALES v. THE STATE

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur, except Land, J., disqualified.*

Court of Appeals Case No. A24A1351

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk

LaGrua, Justice, concurring.

Trial court judges have a difficult job in many respects, but particularly, when it involves balancing the constitutional rights of a defendant and the presumption of innocence, while also ensuring that litigants, witnesses, juries, and the public are safe and secure in the courtroom. In an era of pervasive threats to judges and court personnel, it has become increasingly challenging to balance those two interests.

That said, judges take an oath to follow the law, and the law mandates that we protect the rights of parties, including defendants, in the courtroom and elsewhere, especially during trial. That is why I join fully in the majority's denial of certiorari, but again caution trial judges that security within the courtroom is under their control and cannot be abdicated to law enforcement personnel. See *Green v. State*, 246 Ga. 598, 600 (1980).

Scales was charged with aggravated child molestation and other crimes. During trial, the Sheriff's Department attached a "Band-it" security device to his person without a hearing laying out fact-specific

1

reasons addressing the need for additional security measures. Scales was ultimately convicted and sentenced. He then filed a motion for new trial, alleging for the first time, that among other things, his due process rights to be present, and meaningfully participate in his own defense, his right to testify, his right to equal protection, and his right against abuse of prisoners, had been violated because he was required to wear the "Band-it" security device.

The Court of Appeals found that

> [i]n denying the motion for new trial, the trial court found that Scales failed to demonstrate any harm to his constitutional right to testify and participate in his own defense based on the use of the Band-it, and to the extent the court erred in failing to hold a hearing prior to placing the device on him, any such error was harmless beyond a reasonable doubt because ample grounds existed to authorize the use of the device.

*Scales v. State*, 374 Ga. App. 257, 258 (2025).

The specific facts of this case are addressed in the opinion of the Court of Appeals. What concerns me is that the testimony at the motion-for-new-trial hearing established, and the State does not now dispute, that use of the "Band-it" security device is controlled by the Supervisor of Court Services (which in this case was Lt. Richard

2

Harrison with the Carroll County Sheriff's Office) pursuant to a written Standard Operating Procedure ("SOP"). The SOP gives the supervisor the discretion to use additional security measures deemed appropriate (adhering to certain guidelines) without the court making specific findings addressing the need for additional security. However, according to Lt. Harrison's testimony at the motion-for-new-trial hearing, the Band-it is used on every incarcerated defendant brought to trial on a felony charge.

As I have consistently cautioned trial courts: "It is well established that no person should be tried while shackled except as a last resort," *Hill v. State*, 308 Ga. 638, 644 (2020) (cleaned up), and should a trial court utilize shackles the trial court must make "case-specific and individualized findings to support its initial decision." Id. That decision should clearly be made with input from the law enforcement agency tasked with securing the courtroom, but the ultimate decision remains with the court.

Webster's dictionary defines shackling as "something that confines the legs or arms," as well as "to deprive of freedom especially

3

of action by means of restrictions or handicaps." Based on the testimony at the motion for new trial, Lt. Harrison made clear that the "Band-it," once activated, would restrict the defendant's ability to move around.

Trial courts have a heavy burden to protect the people that enter the courtroom they supervise, and while that is a trying responsibility in these times and while it is understandable to want to use restrictions to ensure a high level of safety and public confidence in the security of the courtroom, ensuring a defendant's constitutional rights remains paramount. When we do not keep that at the very forefront of our minds, we risk the rights of us all.

I am authorized to state that Justice McMillian joins in this concurral.